UNITED STATES DISTRICT COURT
EASTERN DISTI

United States of America,

　　Plaintiff,

v.

D-1 Julius Polly,
　　a/k/a "Ju,"
D-2 Keymon Polly,
　　a/k/a "Fatmac,"
D-3 Michael Moseley,

　　Defendants.
_____/

Case: 2:20-cr-20119
Judge: Cox, Sean F.
MJ: Grand, David R.
Filed: 02-26-2020 At 11:29 AM
USA V SEALED MATTER (LG)

Violations:
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(A)(i)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(a)(1)(B)(ii)
21 U.S.C. § 843(b)

## **INDICTMENT**

THE GRAND JURY CHARGES:

## **COUNT ONE**
**21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(ii), 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances**

D-1 Julius Polly,
　　a/k/a "Ju"
D-2 Keymon Polly,
　　a/k/a "Fatmac"
D-3 Michael Moseley

　　From in or about August 2017, and continuing until on or about September 2019, in the Eastern District of Michigan, and elsewhere, defendants, JULIUS POLLY, KEYMON POLLY, and MICHAEL MOSELEY, knowingly and intentionally conspired and agreed with each other and with other individuals, both

known and unknown to the Grand Jury, to possess with intent to distribute and to distribute controlled substances.

### Quantity of Controlled Substances Involved in the Conspiracy

1.    With respect to defendants JULIUS POLLY and KEYMON POLLY the controlled substances involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, are:

A.    50 grams or more of methamphetamine, a Schedule II Controlled Substance; and

B.    500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.

### Manner and Means

2.    The defendants were part of a drug trafficking organization (DTO) led by JULIUS POLLY that obtained crystal methamphetamine, cocaine, and fentanyl from Southern California for distribution in the Eastern District of Michigan.

3.    It was part of the conspiracy that members of the DTO received controlled substances via U.S. Postal Service parcels that were sent from Southern California to residential addresses in the Eastern District of Michigan.

4.    Beginning in approximately August 2017 or before, JULIUS POLLY, and at times KEYMON POLLY, would fly to Los Angeles, California. While in California they made arrangements for the shipment of controlled substances to the

Eastern District of Michigan. JULIUS POLLY paid for the controlled substances using cash that he either (1) withdrew from his bank accounts in California, (2) received in California via money transfers from associates in Michigan, or (3) sent via money transfers to associates in California. JULIUS POLLY and others used currency derived from the sale of controlled substances to purchase additional controlled substances.

5.      JULIUS POLLY and at times KEYMON POLLY then flew back to Michigan and awaited the arrival of U.S. Postal Service parcels containing controlled substances.

6.      It was also part of the conspiracy that, at times, other individuals travelled to California to arrange and pay for shipments of controlled substances on behalf of JULIUS POLLY, KEYMON POLLY, and their co-conspirators.

7.      UNINDICTED CO-CONSPIRATOR #1 was an individual who facilitated the shipment of U.S. Postal Service parcels containing controlled substances from California to Michigan, and, at times, received money transfers from associates of JULIUS POLLY and KEYMON POLLY.

8.      The POLLY organization employed counter-surveillance techniques to avoid being monitored while transporting controlled substances and the cash generated from the sale of controlled substances.

9.      The controlled substances intended for distribution as part of the conspiracy included:

3

A.     Approximately 859 grams of 98% pure crystal methamphetamine seized on or about August 23, 2018, from a U.S. Postal Service parcel.

B.     Approximately 1,494 grams of a mixture of substance containing a detectable amount of cocaine seized on or about August 23, 2018, from U.S. Postal Service parcels.

C.     Approximately 8 grams of a mixture of substance containing a detectable amount of fentanyl seized on or about August 23, 2018, from a U.S. Postal Service parcel.

D.     Approximately 1,323 grams of 100% pure crystal methamphetamine seized on or about December 13, 2018, from a U.S. Postal Service parcel.

E.     Approximately 500 grams of a mixture of substance containing a detectable amount of cocaine seized in April 2019, after having been sold by KEYMON POLLY.

10.     It was also part of the conspiracy that JULIUS POLLY and KEYMON POLLY distributed controlled substances to customers after they were brought to Michigan.

11.     One of KEYMON POLLY's customers was MICHAEL MOSELEY, who received cocaine from KEYMON POLLY and who further distributed the controlled substances.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(B)(ii).

4

## COUNT TWO
### 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i) & (a)(1)(B)(i) – Conspiracy to Launder Monetary Instruments

D-1 Julius Polly,
    a/k/a "Ju"

12.    The allegations contained in Count 1 of this Indictment are hereby incorporated by reference.

13.    From an unknown date, but at least as early as August 2017, through June 2019, in the Eastern District of Michigan and elsewhere, defendant JULIUS POLLY did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a)    to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to possess with intent to distribute and distribute controlled substances, with the intent to promote the carrying on of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b)    to knowingly conduct and attempt to conduct financial

transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to possess with intent to distribute and distribute controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

14.     It was a part of the unlawful drug trafficking conspiracy that JULIUS POLLY and others' purchase, sale and distribution of large quantities of methamphetamine and cocaine generated significant amounts of cash which needed to be counted, stored, hidden and used in order to continue the conspiracy, but to evade detection by law enforcement.

15.     JULIUS POLLY and others accomplished these goals by paying for controlled substances using cash that he either (1) deposited in Michigan and withdrew from his bank accounts in California, (2) received in California via money transfers from associates in Michigan, or (3) sent or caused to be sent via money transfers to associates in California.

All in violation of Title 18, United States Code, Section 1956(h).

6

## COUNTS THREE - FIVE
### 18 U.S.C. § 1956(a)(1)(B)(ii) –Laundering of Monetary Instruments

D-1 Julius Polly
    a/k/a "Ju"

    16.    On or about the dates set forth below, in the Eastern District of Michigan and elsewhere, defendant JULIUS POLLY, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit, deposits and withdrawals of cash from banks, which involved the proceeds of a specified unlawful activity, that is conspiracy to possess with intent to distribute and distribute controlled substances, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

|  | Date | Account | Transaction | Location |
|---|---|---|---|---|
| Count 3 | 11/8/2017 | BOA #xx8243 | Deposit $8,500 | Southfield, MI |
|  | 11/8/2017 | JPM Chase #xx3975 | Deposit $9,530 | Dearborn, MI |
| Count 4 | 6/4/2018 | BOA #xx8243 | Deposit $3,540 | Canton, MI |
|  | 6/4/2018 | JPM Chase #xx3975 | Deposit $8,350 | Canton, MI |
| Count 5 | 12/31/2018 | BOA #xx8243 | Deposit $9,500 | Canton, MI |
|  | 12/31/2018 | JPM Chase #xx3975 | Deposit $9,500 | Canton, MI |

    All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(ii).

## COUNT SIX
### 21 U.S.C. § 843(b) – Use of Communication Facility in Facilitating the Commission of a Violation of the Controlled Substances Act

D-2 Keymon Polly,
        a/k/a "Fatmac"
D-3 Michael Moseley

On or about the May 24, 2019, in the Eastern District of Michigan, the defendants, KEYMON POLLY and MICHAEL MOSELEY, did knowingly and intentionally use any communication facility, to wit, a cellular telephone, in causing or facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 841(a) and 846, that is, conspiracy to distribute cocaine,

All in violation of Title 21, United States Code, Section 843(b).

### FORFEITURE ALLEGATION
### 18 U.S.C. § 982, 21 U.S.C. § 853

Upon conviction of a violation of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of this Indictment, or Title 21, United States Code, Section 843, as alleged in Count Six of this Indictment, the defendant(s) shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a): (1) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violations; and (2) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

8

Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in Counts Two, Three, Four, and Five of this Indictment, the defendant(s) shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, or any property traceable to such property.

Forfeiture Money Judgment:  Such property also includes, but is not limited to, a forfeiture money judgment against the defendant(s) in an amount to be determined, representing the total value of all property subject to forfeiture, as described herein.

Substitute Assets:  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant(s) shall forfeit substitute property, up to the value of the property identified for forfeiture, if, by any act or omission of the defendant(s), the property described above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL

**s/GRAND JURY FOREPERSON**


GRAND JURY FOREPERSON

MATTHEW SCHNEIDER
United States Attorney

*s/ Julie Beck*
JULIE A. BECK
Chief, Drug Task Force Unit

*s/ Andrew Lievense*
ANDREW J. LIEVENSE
Assistant United States Attorney


Dated: 2/25/2020

| United States District Court<br>Eastern District of Michigan | **Criminal Case Co** | Case: 2:20-cr-20119<br>Judge: Cox, Sean F.<br>MJ: Grand, David R.<br>Filed: 02-26-2020 At 11:29 AM<br>USA V SEALED MATTER (LG) |

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to con**

| **Companion Case Information** | Companion Case Number: 17-20837, 19-20065 |
| This may be a companion case based upon LCrR 57.10 (b)(4)¹: | Judge Assigned: Goldsmith, Steeh |
| ☒ Yes    ☐ No | AUSA's Initials: |

**Case Title:** USA v. Julius Polly, et al

**County where offense occurred :** Wayne, Jackson, and elsewhere

**Check One:**    ☒ Felony        ☐ Misdemeanor        ☐ Petty

✓ Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:                    ]
____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

February 25, 2020
Date

Andrew Lievense
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:313-226-9665
Fax:   313-226-3265
E-Mail address: Andrew.Lievense@usdoj.gov
Attorney Bar #: P68925

¹ Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.